IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | | |
|---|---|---|
| Javon L. Sawyer, | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | **1:16cv40 (GBL/TCB)** |
| | ) | |
| Warden J. Kiser, | ) | |
|     Respondent. | ) | |

MEMORANDUM OPINION

THIS MATTER comes before the Court on a Motion to Dismiss a petition for a writ of

habeas corpus filed pursuant to 28 U.S.C. § 2254 by Javon L. Sawyer, a Virginia inmate

proceeding pro se, to challenge the constitutionality of convictions entered in the Circuit Court

for the City of Suffolk.  Respondent filed the instant motion along with a supporting brief and

exhibits on May 6, 2016, and supplied petitioner with the notice required by  Roseboro v.

Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K).  (Dkt. No. 7-9).  Petitioner filed a

response to the Motion to Dismiss on May 23, 2016. (Dkt. No. 11).  Accordingly, this matter is

now ripe for disposition.  For the reasons which follow,  respondent's Motion to Dismiss will be

granted, and the petition will be dismissed with prejudice, as time-barred.

**I. Procedural History**

On November 15, 2007,  petitioner pleaded guilty to one count of receiving stolen

property which had been reduced from an original charge of grand larceny.  Case No. CR07-104.

Following the preparation of a presentence report, he received a sentence of five years

incarceration with four years suspended.  In a separate case stemming from the same incident,

petitioner was tried to a jury on a charge of possession of cocaine.  Case No. CR07-829.  The

jury found petitioner guilty of the charge and recommended a sentence of six years incarceration, and the court sentenced petitioner in accordance with that recommendation.

On direct appeal, petitioner's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967) in the case involving the receipt of stolen property, assigning the sole error that the evidence was insufficient to support the conviction. Counsel likewise challenged the conviction of possession of cocaine solely on the basis of the sufficiency of the evidence. The appeals were consolidated, and the petitions for review of both convictions were denied on September 2, 2009. Sawyer v. Commonwealth, R. No. 0393-09-1, 0394-09-1 (Va. Ct. App. Sept. 2, 2009); Resp. Ex. B.[1] After granting petitioner a delayed appeal, the Supreme Court of Virginia refused a petition for further review on April 8, 2013. Sawyer v. Commonwealth, R. No. 122059 (Va. Apr. 8, 2013); Resp. Ex. C.

On April 7, 2014, petitioner filed an application for a state writ of habeas corpus in the Supreme Court of Virginia, arguing that his unspecified constitutional rights had been violated, he was indigent and had no access to a law library, his guilty plea was the result of ineffective representation and trickery, the Commonwealth refused to honor the plea agreement when he failed a lie detector test, and his right to a speedy trial was violated. The petition was dismissed on December 15, 2014. Sawyer v. Davis, R. No. 140673 (Va. Dec. 15, 2014); Resp. Ex. E.

Petitioner then turned to the federal forum and filed the instant application for relief pursuant to §2254 on December 17, 2015.[2] Because the petition was mistakenly mailed to the

---

[1]The appellate court found that a third conviction for a probation violation had not been preserved for review.

[2]A pleading submitted by an incarcerated litigant is deemed filed when the prisoner delivers it to prison officials for mailing. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991);

Fourth Circuit of Appeals, it was not received by this Court until December 29, 2015.

## II. The Petition is Untimely

A §2254 petition for a writ of habeas corpus must be dismissed if filed later than one year after (1) the judgment becomes final; (2) any state-created impediment to filing a petition is removed; (3) the United States Supreme Court recognizes the constitutional right asserted; or (4) the factual predicate of the claim could have been discovered with due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D). In the instant case, the Supreme Court of Virginia refused petitioner's petition for review on direct appeal on April 8, 2013. Resp. Ex. C. Therefore, the convictions became final ninety (90) days later, on July 6, 2013, when the time expired during which petitioner could have petitioned the United States Supreme Court for a writ of certiorari. See U.S. Sup. Ct. R. 13(1) (petitions for review are timely filed within 90 days of the entry of judgment by a state court of last resort); see also Lawrence v. Florida, 549 U.S. 327, 333 (2007). Thus, the §2254(d) one-year limitations period began to run on that date.

In calculating the one-year limitations period, the Court must exclude the time during which properly-filed state collateral proceedings pursued by petitioner were pending. See 28 U.S.C. § 2244(d)(2); Pace v. DiGuglielmo, 544 U.S. 408 (2005) (determining that the definition of "properly filed" state collateral proceedings, as required by § 2244(d)(2), is based on the applicable state law as interpreted by state courts). Here, after petitioner's convictions became final on July 7, 2013, 275 days passed before he filed his petition for a state writ of habeas corpus on April 7, 2014. The state petition was dismissed on December 15, 2014, and an

---

see also Houston v. Lack, 487 U.S. 266 (1988). Here, petitioner certified that he placed his petition in the prison mailing system on December 17, 2015. Pet. at form p. 15.

additional 367 days elapsed before this federal proceeding was filed on December 17, 2015.
When these periods of untolled time are combined they total 642 days, so the instant petition was
filed 277 days beyond the one-year limit.  Accordingly, the petition is untimely pursuant to
§ 2244(d).

### III. No Showing of Actual Innocence

Petitioner argues both on the face of the petition itself (Dkt. No. 1 at 15) and in his
response to the Motion to Dismiss (Dkt. No. 11) that the untimeliness of this petition should be
excused because he is actually innocent of the crime of receiving stolen property.[3]  In McQuiggin
v. Perkins, 569 U.S. __ , 133 S.Ct. 1924 (2013), the Supreme Court held that a convincing claim
of actual innocence can overcome the §2254(d) statute of limitations. However, as with an actual
innocence claim in the context of other procedural defaults, the exception applies only in a
"severely confined category" -  that is, cases in which reliable new evidence shows that "it is
more likely than not that 'no reasonable juror' would have convicted" the petitioner had the
evidence been available at trial. Id., 133 S.Ct. at 1928, quoting Schlup v. Delo, 513 U.S. 298, 329
(1995).  It is readily apparent that petitioner's argument  in this case falls short of that exacting
standard.

At the plea colloquy on November 15, 2007, the prosecutor summarized the evidence
supporting the charge of receiving stolen property as follows:

> [I]f the Commonwealth were to proceed today with trial we would
> have the testimony of LaTonya Johnson.  She's the owner, on
> November 30, 2006, the owner of a 1997 black Honda Accord valued
> over $200. At that time she was residing at 1015 Nansemond

---

[3]As respondent points out, petitioner's actual innocence argument does not extend to the
conviction of possession of cocaine.

4

Parkway here in the City of Suffolk.

She started her car that morning around 5:20. She realized she left something in her house. She went in her house and then back out to where her car would have been. It was less than a minute. When she got back her car was gone. She called the police. The car was later recovered that day, and I'll get to that in a moment. There was no restitution involved. She did not give anybody a spare key. She did not give anyone permission or authority to take the car. And she certainly did not give Mr. Sawyer or anybody else permission to take that car.

Our testimony would have also included Officer Maxwell of the Suffolk Police Department. He was on duty that morning around 5:20 in the morning and he was traveling in the City of Suffolk. He heard from dispatch that call about the black Honda Accord. He saw the black Honda and he followed the car through part of the city. He activated his emergency equipment and attempted to make a stop, pursuing the car to a location here in the City of Suffolk. At that point the car stopped. A person later identified as the defendant left the driver's seat and ultimately would have been apprehended. He identified Mr. Sawyer as the only person in the car and the driver of the car. Based on police dispatch and information he stopped that car about 26 minutes after it was reported stolen.

We would also have the testimony of Tamisha White. She also lives at 1015 Nansemond Parkway in the 400 building. She would testify that the defendant was at her home around 4 a.m. that morning on November 30. Was there when she left her home around five o'clock. She also had a cell phone that was there at the building and when the defendant was arrested her cell phone was on him, was in the car with him. Her mother was also at the home at some point that day. She arrived at home around six or seven o'clock that morning. The defendant was not there.

The defendant had filed an alibi notice indicating he was elsewhere at the time of the crime. He said there was a person that sold him the car and then he drove off and then was stopped by Officer Maxwell. His alibi notice information we have would have that occurring within the time that the car was stolen.

Resp. Ex. D. T. 14-16.

In support of his current claim of actual innocence, petitioner has filed two statements;

5

both are notarized but neither is sworn or signed under penalty of perjury. In one, dated 7-31-15,

Lashaun Martin stated:

> On or about November 30, 2006 during the early morning hours while I was babysitting for a friend I received a knock on the door. I answered it and it was Javon Sawyer. He said he wanted to use my car for a few hours. I informed him that my car wasn't in good running condition. We talked for a while and he said he was leaving. I walked with him a little ways but I had to keep my eye on the house where the kids were. While we were walking a dark skinned guy pulled up beside us in a black car. I had never seen him before but Javon and him spoke as if they knew each other. Javon asked him where did he get the car from and he said it was his girlfriend's car. He asked Javon if he wanted to use it for a little while. Javon asked him how much would it cost for him to use the car and he said $10 per hour. Javon said he had $40. The guy gave Javon the car with the keys. I spoke with Javon's lawyer, Mr. Gregg Matthews, and told him the same thing that I'm writing now. Mr. Sawyer did not steal that car.

Pet., Dkt. No. 1 at ECF 35.

On August 3, 2015, Laguana White stated:

> I introduced Javon Sawyer to a friend of mine who I met on a public chat line.    The guy was someone I met a few weeks before introducing him to Javon. This guy went by the name of "Baltimore Black." He later told me his name was Frederick Gray. I didn't know if that was actually his name or not.  He told me he was from Baltimore, Maryland. However, a few days after the introduction Javon called me from jail and asked me if I knew Baltimore Black's real name because he rented a car from him that was stolen. I told him I didn't know Baltimore Black [sic] real name and at that time I didn't. I told Javon I hadn't heard anything from Baltimore Black and I suspected that he was back in Maryland because he was only in Virginia for a short time visiting family. I told Javon I would help him if I could whenever I heard from Baltimore Black again. Javon gave me the number to an attorney by the name of Gregory Matthews and told me to call him if I got any helpful information. Shortly after I got a call from Baltimore Black and he told me his real name was Frederick Gray. He admitted to renting Javon a car after he had stolen it.  I got in touch with Mr. Matthews and told him everything I knew.  I also told him that I would be willing to testify about what

6

> I knew on behalf of Javon Sawyer. After I spoke with Mr. Matthews
> he promised he would schedule a meeting so he could get a written
> statement. Mr. Matthews never contacted me after that. I tried
> calling Mr. Matthews continuously without any success. He never
> returned any of my calls. I was getting calls from the prosecution
> attorney's office and I felt like they were trying to discourage me
> from testifying for Javon Sawyer. I left Mr. Matthews another
> message letting him know about this matter and once again he never
> got back with me. I informed Javon of this situation and I let him
> know that I would be willing to help him if he needed me.

Pet., Dkt. No. 1 at ECF 36.

The foregoing documents do not satisfy the Schlup criteria for a successful gateway claim of actual innocence for several reasons. First, the information provided was not "newly discovered" when the statements were written in 2015. At the plea hearing in 2007, it was noted that petitioner had filed an alibi notice indicating he was elsewhere at the time of the crime and that someone had sold him the car in which he was stopped by Officer Maxwell. Tr. 11/15/07 at 16. While the statements written in 2015 may have attempted to flesh out the details of that scenario, the essential premise that petitioner had purchased the stolen vehicle from a third party before he was stopped in the car by the police thus was known at the time he entered his plea. Nonetheless, at the plea colloquy petitioner stated that he had discussed any possible defenses with his lawyer, that he had discussed the plea with counsel and decided of his own accord to enter a guilty plea, that he was doing so freely and voluntarily, and most importantly, that he was pleading guilty to receiving stolen property because he was guilty of that crime. Tr. 11/15/07 at 7 - 8.

Second, the statements provided in 2015 are not reliable. As noted, they are neither sworn nor signed under penalty of perjury. In addition, Ms. White's assertion that Baltimore Black told her that he had stolen the car and then rented it to petitioner amounts to nothing more

than inadmissible hearsay. And lastly, the information provided in the two statements would not have changed the outcome if presented at a trial. Petitioner was arrested driving the stolen vehicle within half an hour of its theft, in the vicinity where it was taken. Further, in the unlikely event that a jury would have believed that he obtained the vehicle from a third party in the interim, no reasonable juror would have concluded that he did not realize the car had been stolen, since no one would "loan" a legally-obtained car to a stranger without providing any contact information to ensure the return of the vehicle.

In sum, the evidence supplied by petitioner in support of his actual innocence claim is insufficient to meet the requirements of McQuiggin, 133 S.Ct. at 1928; see U.S. v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999), cert. denied, 529 U.S. 1010 (2000) (actual innocence exception is satisfied only by a showing of actual factual innocence; a showing that petitioner is legally but not factually innocent does not suffice). Accordingly, it is insufficient to overcome the §2254(d) statute of limitations, and this petition is subject to dismissal as time-barred.

## IV. No Statutory Tolling

A claim of newly-discovered evidence can also toll the limitations period pursuant to § 2244(d)(1)(D). Here, petitioner does not argue that what he characterizes as newly-discovered evidence in the form of the two 2015 statements should trigger this provision, and even if he had the argument would have been futile. It is recognized that under § 2244(d)(1)(D), a claim of newly-discovered evidence must be filed within one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Section 2244(d)(1)(D) directs that the one-year period during which a habeas petitioner may apply for relief based on newly-discovered evidence commences on "the date on

8

which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Additionally, by its terms, § 2244(d)(1)(D) is triggered not when a petitioner *actually* learns of some pertinent information from newly-discovered evidence; rather, it commences when he "*could have* ... discovered" it. Here, since the alibi notice petitioner filed prior to the 2007 plea colloquy set out the essential factual elements of what he now refers to as newly-discovered evidence, at this juncture petitioner would be precluded from resorting to § 2244(d)(1)(D) to reset the limitations clock.

### V. No Equitable Tolling

In his response to the respondent's Motion to Dismiss, petitioner argues that he received ineffective assistance of counsel in connection with the entry of his guilty plea. (Dkt. No. 11) While petitioner does not use the term, his argument might be liberally construed in deference to his pro se status as seeking equitable tolling of the limitations period. The United States Supreme Court has established that equitable tolling is applicable to the § 2244(d)(2) limitations period. See Holland v. Florida, 560 U.S. 631 (2010) ("Now, like all 11 Courts of Appeals that have considered the question, we hold that § 2244 (d) is subject to equitable tolling in appropriate cases."). To qualify for equitable tolling, a petitioner must demonstrate both (1) that he had been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Id. at 649, citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005). A petitioner asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate fulfillment of both elements of the test. Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Brown v. Barrow, 512 F.3d 12304, 1307 (11th Cir. 2008)). The petitioner generally is obliged to specify the steps he took in diligently pursuing his federal claim.

9

Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001); Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). In addition, the petitioner must "demonstrate a causal relationship between the extraordinary circumstance on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the circumstances." Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000); see also, Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003). Here, petitioner's allegations of error in connection with the entry of his guilty plea satisfy none of these criteria, and because he fails to demonstrate any meritorious grounds for such relief, he is not entitled to equitable tolling of the limitations period.

### VI. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss will be granted, and the petition will be dismissed, with prejudice, as time-barred. An appropriate Order and judgement shall issue.

Entered this _____ 15ᵗʰ _____ day of ___ February ___ 2017.

Alexandria, Virginia

_____ /s/

Liam O'Grady
United States District Judge